IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE M. GONZALEZ, ADAMARI RIVAS, | § § § | |
| *Plaintiffs,* | § § | SA-20-CV-00926-XR |
| | § § | |
| vs. | § § | |
| NORTHSIDE INDEPENDENT SCHOOL DISTRICT, IN THEIR OFFICIAL CAPACITY;  N.I.S.D. BOARD OF TRUSTEES, IN THEIR OFFICIAL CAPACITY; JAY SUMPTER, HIS OFFICIAL CAPACITY; VERONICA VALENCIANO, HER OFFICIAL CAPACITY; DR. BRIAN T. WOODS, HIS OFFICIAL CAPACITY; RAY GALINDO, HIS OFFICIAL CAPACITY; AND WESLEY SCOTT, HIS OFFICIAL CAPACITY; | § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint, filed August 10, 2020 [#1].  The motion was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).  By his motion, Plaintiff Jose M. Gonzalez seeks leave to proceed in forma pauperis ("IFP") based on his inability to afford court fees and costs.  Having considered the motion and documentation provided by Gonzalez, the Court will grant the motion to proceed IFP but order Plaintiffs to file a more definite statement before ordering service on Defendants.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a).  Gonzalez's motion to proceed IFP includes his income and asset information, which indicates that Gonzalez is employed as a small business owner with gross annual income from 2019 in the amount of $12,525 but expects his income to be much lower in 2020 due to the COVID-19 pandemic.  Gonzalez's take-home wages are $1,043 per month.

Gonzalez's daughter Adamari Rivas is also named as a Plaintiff in this case.  Rivas has just reached the age of majority and is a full time student at University of Texas San Antonio.  Prior to his daughter reaching the age of majority, Gonzalez had full custody of Rivas, whose mother is not involved in her upbringing.  Gonzalez has no other source of income, no savings, and no assets.  The information demonstrates that Gonzalez does not have sufficient monthly resources available to pay the filing fee.  Given the foregoing, the Court will grant the motion to proceed IFP.

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiffs' proposed Complaint sues Northside Independent School District ("NISD"), its Board of Trustees, Jay Sumter (Principal of John Jay High School), and various other employees of the NISD.  (Compl. [#1-1].)  The individual Defendants are all sued in their official capacities only. Plaintiffs, who identify as Mexican and as indigenous peoples of the First Nation People Lipan Coahuiltecan, allege that Defendants violated the Civil Rights Act of 1964 by discriminating against them based on their race and national origin during the previous school year when Rivas was a senior in high school.

According to Plaintiffs' proposed complaint, Rivas was a member of the Varsity Mariachi band at John Jay High School (an NISD school) during her senior year, but she was not issued her own uniform.  Instead, she was forced to share a uniform with another member of the band, putting her at greater risk of exposure to COVID-19 and preventing her from participating in all competitions throughout the season.  Plaintiffs contend that they were told the group had been allocated zero dollars from NISD's budget for extracurricular activities for the school year. Plaintiffs believe the Mariachi band did not receive adequate uniforms and equipment or a proper allocation of the district budget because the group is comprised of students who are indigenous and Mexican.

According to Plaintiffs, Gonzalez made several requests under the Freedom of Information Act ("FOIA") and analogous state laws related to the Mariachi program at John Jay High School and its budget; the requests are attached to Plaintiffs' proposed Complaint.

---

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

Plaintiffs claim that Gonzalez was treated with hostility and aggression by Principal Sumter and the other individual Defendants when he made complaints about the budget allocation to the Mariachi band, and Principal Sumter "destroyed" Gonzalez's initial civil rights complaint. According to Plaintiffs, NISD's law firm intentionally delayed responding to Gonzalez's FOIA requests and improperly demanded excessive payment from Gonzalez for the information requested. Plaintiffs maintain that when NISD finally responded, its response was incomplete and inadequate. Gonzales's first FOIA request sought information regarding the budget allocated to each school in NISD over the last three years, as well as financial statements demonstrating how the budget was spent. The second requested copies of Principal Sumter's background check and resume. And the third requested copies of all complaints against NISD, John Jay High School and other high schools in the district; all correspondence between the individual Defendants in this suit; and receipts and invoices associated with Defendants' law firm.

Through this lawsuit, Plaintiffs seek civil damages in the amount of $2,000,000, criminal charges against Principal Sumter for destruction of public documents, and the information Gonzalez sought through his initial FOIA request regarding the budget allocation of the school district. Plaintiffs also want to ensure future students who participate in the Mariachi band be guaranteed adequate uniforms and equipment.

As currently pleaded, Plaintiffs' lawsuit has several pleading deficiencies, some of which may not be curable. They include:

**A.      Plaintiffs have not adequately pleaded a discrimination claim against Defendants.**

Plaintiffs state that they are bringing their lawsuit under the Civil Rights Act of 1964 but do not specify which title. Title VI of the Civil Rights Act of 1964 states that "[n]o person in the

4

United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."   42 U.S.C. § 2000d.   The Supreme Court has recognized an implied private right of action for compensatory damages under Title VI for violations involving intentional discrimination.   *See Guardians Ass'n v. Civil Serv. Comm'n of City of New York*, 463 U.S. 582 (1983).   *See also Alexander v. Choate*, 469 U.S. 287, 293 (1985) ("Title VI itself directly reache[s] only instances of intentional discrimination.").   To prevail on a Title VI claim, Plaintiffs must prove: (1) the defendant engaged in intentional discrimination based on race, color, or national origin, and (2) the defendant received federal financial assistance.   *See Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 397 (5th Cir. 1996) ("[A] Title VI plaintiff must prove discriminatory intent.").   The proper defendant in a Title VI case is the entity receiving federal financial assistance, not individual employees of the entity.   *Price ex rel. Price v. La. Dept. of Educ.*, 329 Fed. App'x 559, 561 (5th Cir. 2009).   In this case, that would be NISD.

Plaintiffs must present some plausible allegations of intentional discrimination by NISD to present a viable Title VI discrimination claim.   Plaintiffs' proposed pleading does not explain the basis for their belief that the lack of funding of John Jay High School's Mariachi program was due to race or national origin discrimination.   Gonzalez does mention the large "gladiator-style" stadiums being built for other extracurricular programs in one of the attachments to his proposed Complaint, but the pleading itself does not allege that the Mariachi band was treated less favorably than other extracurricular activities at John Jay High School or other musical programs in the District.   For Plaintiffs' Title VI claim to be plausible, there must be facts

alleged that would allow the Court to reasonably infer that the alleged discrimination was based on Rivas's race or national origin.  *See Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).

**B.      Because Plaintiffs are suing the individuals they have named as Defendants only in their official capacities, those Defendants likely should be dismissed and not served.**

Plaintiffs name several individual Defendants in their proposed Complaint.  It is possible that Plaintiffs are attempting to sue these individuals under Title 42 U.S.C. § 1983.  Section 1983 provides a civil remedy in federal court for violations, under color of state law, of the rights, privileges and immunities secured by the Constitution and laws of the United States.  *Findeisen v. N.E. Indep. Sch. Dist.*, 749 F.2d 234, 236–37 (5th Cir. 1984).  School administrators, such as principals, have been treated as state actors for purposes of section 1983.  *See generally Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521 (5th Cir. 1994).  To state a claim under section 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person or entity acting under color of state law.  *See Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (citations omitted).

However, Plaintiffs sue the various individual Defendants in their official capacities only.  Such claims are simply another way of pleading against the entity of which the official is an agent.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  When official capacity claims are duplicative of claims against an entity, courts may dismiss the individual defendants from the lawsuit.  *See, e.g.*, *K.T. v. Natalia I.S.D.*, No. SA-09-CV-285-XR, 2010 WL 1484709, at *3 (W.D. Tex. Apr. 12, 2010).  Therefore, service on the individual Defendants would not be proper unless Plaintiffs allege separate causes of action against these Defendants in their individual capacities.

**C.     Plaintiffs cannot sue Defendants under FOIA or the Texas Public Information Act.**

It is also unclear whether Plaintiffs are attempting to bring some other cause of action based on a violation of FOIA.  Any such claim would fail, as FOIA provides jurisdiction over records held by federal agencies and does not extend to other entities or to individuals.  *See Blankenship v. Claus*, 149 Fed. App'x 897, 898 (11th Cir. 2005); *Wright v. Curry*, 122 Fed. App'x 724, 725 (5th Cir. 2004).  As NISD is not a federal agency, FOIA would not apply to the records at issue in this case.

The FOIA requests attached to Plaintiffs' proposed Complaint also reference the Texas Public Information Act, which is codified in Chapter 552 of the Texas Goverment Code.  Upon receipt of a public information request, a state governmental body must generally provide access to the material within ten business days or seek a ruling from the Attorney General on whether it can be withheld.  To the extent Plaintiff complains that Defendants have failed to comply with the Texas Public Information Act, Plaintiff may file a complaint with the Open Records Division of the Attorney General, not with this Court.  *See Trevino-Garcia v. Univ. of Tex. Health Sci. Ctr. Sch. of Med.*, Civ. A. No. 09-CA-0572-XR, 2009 WL 5195962, at *5 (W.D. Tex. Dec. 21, 2009); *see also* Tex. Gov't Code § 552.3215 (allowing for individuals to file complaints concerning alleged violations of the Texas Act with either the local district attorney, local county attorney, or with the Attorney General of Texas).

**D.     Plaintiff Gonzales cannot sue NISD under Title VI based on allegations of discrimination against his adult daughter.**

Finally, a plaintiff must be an intended beneficiary of, an applicant for, or a participant in a federally funded program in order to state a claim under Title VI.  *Jackson v. Katy Indep. Sch. Dist.*, 951 F. Supp. 1293, 1298 (S.D. Tex. 1996).  The intended beneficiaries of a federally funded public school program are school children, not their parents.  *Id.*  Although parents are

7

permitted to bring claims under Title VI on behalf of their minor children, Gonzalez's IFP application indicated that Rivas is no longer a minor, as she has recently turned 18. Gonzalez therefore likely lacks standing to sue on her behalf. Gonzalez also has not alleged that he himself was a beneficiary of or participant in any federally funded program at John Jay High School. It is therefore unclear whether he is a proper Plaintiff in this action. Moreover, even if Rivas were a minor, the Fifth Circuit has endorsed the principle that a non-attorney parent cannot appear *pro se* on behalf of a minor child. *Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000) (noting that it is not in the interests of minors to be represented by non-attorneys; rather, minors are entitled to trained legal assistance to fully protect their rights).

To clarify the factual allegations underlying Plaintiffs' lawsuit, the Court will therefore order Plaintiffs to file a more definite statement within 21 days of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. However, <u>service upon Defendants should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that **within 21 days of this Order (on or September 2, 2020)**, Plaintiffs shall file a **More Definite Statement** of the claims they seek to present to this Court. In this More Definite Statement, Plaintiffs should respond to the following questions:

(1)     Plaintiffs claim that Plaintiff Rivas was treated unfavorably because of her race and national origin. What specific adverse action do you claim Rivas suffered?

Why do you believe this adverse action was based on Rivas's race and national origin?  Are you able to identify any entity, team, group, or individual that was treated more favorably by NISD?  What injuries did Rivas suffer due to NISDs' allegedly discriminatory actions?

(2)     With respect to the Defendants other than Northside Independent School District, do you intend to plead any causes of action against any of them individually?  If so, how were you harmed by each of these Defendants?  What actions did each Defendant specifically take that contributed to this harm?

(3)     With respect to Plaintiff Gonzalez, how do you allege that Plaintiff Gonzales was specifically harmed by Northside Independent School District?  Are you alleging that Plaintiff Gonzales was a beneficiary or participant with respect to a federally funded program under Title VI?

Each Plaintiff shall include and sign the following declaration at the end of the more definite statement:

---

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this day of 2020.

_____

Signature of Plaintiff

---

If Plaintiffs fail to comply with this Order, the Court could dismiss this case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  If Plaintiffs do not wish to file a more definite statement,

they may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure

41(a).

SIGNED this 12th day of August, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE